**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ORACLE CORPORATION, AND | ) | **JURY TRIAL DEMANDED** |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendants. | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff MAZ Encryption Technologies LLC ("MAZ" or "Plaintiff") makes the following allegations against Defendants Oracle Corporation ("Oracle") and T-Mobile USA, Inc. ("T-Mobile") (collectively, "Defendants"):

**BACKGROUND**

1.      Stephen J. Zizzi is an accomplished electrical engineer and the inventor of United States Patent No. 7,096,358 ("'358 patent" or the "Asserted Patent"). In 1996, Mr. Zizzi and Chris Mahne, an entrepreneur and co-inventor on another patent, launched MAZ Technologies, Inc. to develop software security products. Mr. Mahne was the President of MAZ Technologies, Inc., and Mr. Zizzi was the Chief Technology Officer. While at MAZ Technologies, Inc., Mr. Zizzi developed novel technologies relating to electronic information and document security using file-level and biometric encryption. The MAZ technology includes, among other things, information security that is transparent and seamless to the users.

**PARTIES**

2.      MAZ is a Delaware limited liability company.

{BAY:02268707v1}

3.      On information and belief, Defendant Oracle is a Delaware corporation with principal office at 500 Oracle Parkway, Redwood City, California.  Oracle has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

4.      On information and belief, Defendant T-Mobile is a Delaware corporation with principal office in Bellevue, Washington.  T-Mobile has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continues to harm MAZ in this District, by, among other things, using, selling, offering for sale, and/or importing infringing products and/or services in this District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, have committed and continue to commit acts of patent infringement in this District.  For example, on information and belief, Defendants have used, sold, offered for sale, and/or imported infringing products and/or services in this District.

## COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 7,096,358

8.      MAZ is the owner by assignment of the '358 Patent, entitled "Encrypting File System."  The application for the '358 Patent was filed on September 8, 2003.  The patent issued on August 22, 2006. A true and correct copy of the '358 Patent is attached as **Exhibit A.**

9.      Defendants have been and now are directly and indirectly infringing the '358 Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling computer encryption products that perform a process of decrypting documents comprising retrieving information or data from a first table and a second table, and causing a document to be decrypted.  The infringing products and services include, for example, Oracle's Advanced Security Transparent Data Encryption, and Defendants' products and services incorporating the same, and various versions thereof.

10.     On information and belief, Defendants had actual knowledge of the '358 Patent at least as early as filing of the Complaint.

11.     MAZ is informed and believes, and thereon alleges, that Defendants have contributorily infringed and are currently contributorily infringing the '358 Patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties (*e.g.,* Defendants' customers), in this judicial district and elsewhere throughout the United States, without license or authority from MAZ, components that embody a material part of the inventions described in the '358 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '358 Patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the infringing products set forth above and their respective components.  MAZ is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '358 Patent in violation of 35 U.S.C. § 271(a) by

using infringing software and hardware products, including some or all of the infringing products and their respective components.

12.     MAZ is informed and believes, and thereon alleges, that Defendants have actively induced and are currently inducing the infringement of the '358 Patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties (*e.g.*, Defendants' customers) to use infringing software and hardware products in this judicial district and elsewhere throughout the United States, without license or authority from MAZ, including at least the infringing products set forth above.  MAZ is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '358 Patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the infringing products.  The Defendants through at least their user manuals, product support and training materials actively induced their customers and users of the infringing products to infringe the '358 Patent.

13.     By engaging in the conduct described herein, Defendants have injured MAZ and are thus liable for infringement of the '358 Patent pursuant to 35 U.S.C. § 271.

14.     Defendants have committed these acts of infringement without license or authorization.

15.     As a result of Defendants' infringement of the '358 Patent, MAZ has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.  MAZ will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities.

16.     MAZ has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '358 Patent.

## PRAYER FOR RELIEF

MAZ respectfully requests that this Court enter:

A.     A judgment in favor of MAZ that Defendants have infringed, directly and indirectly, the '358 Patent (the "Asserted Patent");

B.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Asserted Patent, or such other equitable relief the Court determines is warranted;

C.     A judgment and order requiring Defendants to pay MAZ its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patent as provided under 35 U.S.C. § 284;

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MAZ its reasonable attorneys' fees against Defendants;

E.     A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to MAZ, including without limitation, pre-judgment and post-judgment interest; and

F.     Any and all other relief to which MAZ may be entitled.

## DEMAND FOR JURY TRIAL

MAZ, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.


Dated: April 25, 2013

OF COUNSEL:

Alexander C.D. Giza
C. Jay Chung
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
agiza@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff MAZ Encryption
Technologies LLC*