IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-730 (LPS) |
| | ) |
| ORACLE CORPORATION, and T-MOBILE USA, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORACLE CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS TO MAZ ENCRYPTION TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oracle Corporation ("Oracle"), by and through its undersigned counsel, hereby files its Answer, Defenses, and Counterclaims ("Answer") to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff MAZ Encryption Technologies LLC ("MAZ"), and states as follows:

**Background**

1.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the same.

**Parties**

2.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the same.

3.  Oracle admits the allegations of paragraph 3.

4.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

**Jurisdiction and Venue**

5.      Oracle admits that the allegations in the Complaint purport to state a claim arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271.  Oracle admits that the Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Oracle admits only that the Court has personal jurisdiction over Oracle and that Oracle has done business in this District.  Oracle denies that it has committed or is committing acts that give rise to any action in this District, including patent infringement.  Oracle denies all other allegations of paragraph 6 as they pertain to Oracle.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 as they pertain to any other defendant and therefore denies the same.

7.      Oracle admits that venue is proper in this District without prejudice to its right to seek a change of venue pursuant to 28 U.S.C. § 1404.  Oracle admits that it is subject to personal jurisdiction in this District.  Oracle denies all other allegations of paragraph 7 as they pertain to Oracle.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 as they pertain to any other defendant and therefore denies the same.

**Count I (Alleged Infringement of U.S. Patent No. 7,096,358)**

8.      Oracle admits that a copy of U.S. Patent No. 7,096,358 was attached to the Complaint as Exhibit A, and that the '358 Patent on its face bears the title "Encrypting File System," an application date of September 8, 2003 and an issue date of August 22, 2006.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies the same.

9. Oracle denies the allegations of paragraph 9 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 as they pertain to any other defendant and therefore denies the same.

10. Oracle admits that the Complaint identifies the '358 Patent. Oracle denies all other allegations of paragraph 10 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 as they pertain to any other defendant and therefore denies the same.

11. Oracle denies the allegations of paragraph 11 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 as they pertain to any other defendant and therefore denies the same.

12. Oracle denies the allegations of paragraph 12 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 as they pertain to any other defendant and therefore denies the same.

13. Oracle denies the allegations of paragraph 13 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 as they pertain to any other defendant and therefore denies the same.

14. Oracle denies the allegations of paragraph 14. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 as they pertain to T-Mobile and therefore denies the same.

15. Oracle denies the allegations of paragraph 15 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 as they pertain to any other defendant and therefore denies the same.

16. Oracle denies the allegations of paragraph 16 as they pertain to Oracle. Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 as they pertain to any other defendant and therefore denies the same.

## Prayer for Relief

Oracle denies that MAZ is entitled to the requested relief identified in items (A) – (F) of its Prayer for Relief or any other relief.

## Demand for Jury Trial

Oracle admits that MAZ has the right to demand a trial by jury.

## ORACLE'S DEFENSES

Oracle hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof. Oracle reserves the right to assert additional defenses, such as inequitable conduct, as warranted by facts learned through investigation and discovery.

## First Defense – Failure to State a Claim

17. The Complaint fails to state a claim on which relief can be granted.

## Second Defense – Non-Infringement

18. Oracle does not infringe, has not infringed, and has not induced infringement or contributed to infringement of any valid claim of the '358 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## Third Defense – Invalidity

19. The claims of the '358 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Defense – Prosecution History Estoppel

20. By reason of the proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that resulted in the issuance of the '358 Patent, as shown by the prosecution histories thereof, MAZ is estopped from maintaining that any claim of the '358 Patent covers any of Oracle's articles, equipment, products, or any other activity engaged in by Oracle.

### Fifth Defense – Laches/Waiver/Estoppel

21. Upon information and belief, MAZ's claims for relief and prayer for damages are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### Sixth Defense – Limitations on Damages

22. MAZ's claim for damages, if any, is barred, at least in part, pursuant to 35 U.S.C. § 286 (recovery limited to any alleged infringement committed no more than six years prior to the filing of the Complaint) and/or § 287 (recovery limited to damages occurring after notice of infringement).

### Seventh Defense – Injunction Not Appropriate

23. MAZ's claim for injunctive relief is inappropriate under controlling authority.

### Eighth Defense – U.S. Government Sales

24. To the extent certain products accused of infringing the '358 Patent are used by and/or manufactured for the United States Government, MAZ's claims against Oracle with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## ORACLE'S COUNTERCLAIMS

Counter-Plaintiff Oracle Corporation ("Oracle") hereby asserts the following counterclaims against Counter-Defendant MAZ Encryption Technologies LLC ("MAZ"). Oracle reserves the right to assert additional counterclaims, such as enforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

### Parties

1. Counter-Plaintiff Oracle is a corporation organized under the laws of the State of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

2. On information and belief, MAZ is a Delaware limited liability company.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§ 100 et seq. Venue is proper for these counterclaims because MAZ elected this forum for suit and pursuant to 28 U.S.C. §§ 1391 and 1400(b). By filing the complaint in this action, MAZ has subjected itself to the jurisdiction of this Court for purposes of these counterclaims against it.

### Count I – Declaratory Judgment of Non-Infringement of the '358 Patent

4. Oracle hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 24 of Oracle's answer and defenses herein and paragraphs 1 through 3 of Oracle's counterclaims.

5. MAZ contends that Oracle has infringed and continues to infringe the '358 Patent.

6. Oracle denies MAZ's contentions and states that Oracle has not infringed and does not infringe, either directly or indirectly, contributorily, or by active inducement, any valid claim of the '358 Patent, either literally or under the doctrine of equivalents.

7. Based on the foregoing and on the filing by MAZ of this suit and Oracle's Answer, an actual justiciable case or controversy has arisen and now exists between Counter-Plaintiff Oracle and Counter-Defendant MAZ as to whether or not Oracle has infringed MAZ's alleged rights under the '358 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Oracle requests a declaration from the Court that Oracle has not directly or indirectly infringed any valid Claim of the '358 Patent either literally or under the doctrine of equivalents.

### Count II – Declaratory Judgment of Invalidity of the '358 Patent

9. Oracle hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 24 of Oracle's answer and defenses herein and paragraphs 1 through 8 of Oracle's counterclaims.

10. MAZ contends that the '358 Patent is valid and enforceable.

11. Oracle denies MAZ's contentions and states that the '358 Patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. Based on the foregoing and on the filing by MAZ of this suit and Oracle's Answer, an actual justiciable case or controversy has arisen and now exists between Counter-

Plaintiff Oracle and Counter-Defendant MAZ as to whether or not the claims of the '358 Patent are invalid.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Oracle requests a declaration from the Court that the '358 Patent, and each of its claims, is invalid.

WHEREFORE, Counter-Plaintiff Oracle respectfully requests that this Court enter judgment in its favor and against Counter-Defendant MAZ, and grant the following relief:

A. That MAZ be denied all of the relief that it has requested as set forth in its Complaint and that the Complaint be dismissed with prejudice;

B. That the Court find this case to be an exceptional case and that Oracle be awarded its costs and recoverable attorneys' fees incurred in defending this action pursuant to 35 U.S.C. § 285 and as otherwise allowed;

C. That the Court determine and declare that Oracle has not infringed and does not infringe, either directly or indirectly, contributorily, or by active inducement, any valid claim of the '358 Patent, either literally or under the doctrine of equivalents;

D. That the Court determine and declare that the claims of the '358 Patent are invalid; and

E. That the Court grant Oracle all other and further relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
skraftschik@mnat.com
   *Attorneys for Oracle Corporation*

OF COUNSEL:

Thomas M. Dunham
J. Michael Woods
Corrine Saylor
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
(202) 282 5000

June 17, 2013
7298379